UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:15-CV-169-BR

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)     ORDER<br>WEAVER COOKE CONSTRUCTION, LLC, et )<br>al., )<br>)<br>Defendants. ) | |

This matter is before the court on defendants Weaver Cooke Construction, LLC ("Weaver Cooke") and Penn National Insurance Company's ("Penn National") (collectively "movants") motion to stay this action "pending resolution of common issues of fact in *New Bern Riverfront Development, LLC v. Weaver Cooke Construction, LLC et al.* Adversary Proceeding No. 10-0023-8 (Bankr. E.D.N.C. Feb. 3, 2010) ['the Underlying Action']." (DE # 43.) Plaintiff Westfield Insurance Company ("Westfield") and defendants Selective Insurance Company ("Selective") and Zurich American Insurance Company ("Zurich") filed responses in opposition to the motion. (DE ## 47-49.) Movants filed a consolidated reply. (DE # 50.) This matter is ripe for disposition.

**I. BACKGROUND**

In 2006, New Bern Riverfront Development, LLC ("New Bern"), as the developer, and Weaver Cooke, as the general contractor, entered into a contract for construction of a condominium complex in New Bern, North Carolina. Weaver Cooke, in turn, entered into subcontracts with others for performance of work required to construct the project. In 2009, New Bern filed suit against Weaver Cooke and others based on allegedly defective construction

of the project. New Bern declared bankruptcy, and the case--the Underlying Action--eventually ended up in the bankruptcy court for this district, where it remains pending.

With the exception of Weaver Cooke, the parties involved in the instant action are insurers of parties involved in the Underlying Action. Specifically, Westfield and Zurich issued to Weaver Cooke, as a named insured, commercial general liability policies. Selective issued to William H. Dale d/b/a DD Plumbing Company ("DD Plumbing"), a subcontractor of Weaver Cooke, as a named insured, commercial general liability policies. Penn National issued to East Carolina Masonry, Inc., a subcontractor of Weaver Cooke, as a named insured, commercial general liability policies. Westfield and Zurich have been contributing to the costs of Weaver Cooke's defense of the Underlying Action pursuant to a reservation of rights.

In this action, Westfield, as the plaintiff, seeks a judgment declaring that its subject policy affords Weaver Cooke no coverage for the claims asserted in the Underlying Action; it has no further duty to defend Weaver Cooke against the claims asserted in the Underlying Action; and, Selective and/or Penn National have the duty to defend Weaver Cooke in the Underlying Action as an additional insured under their policies on a primary and non-contributory basis or, alternatively, on a contributory basis in equal shares with other insurers. It also asserts a claim for equitable subrogation/contribution against Selective and Penn National for defense costs and expenses it has incurred in the Underlying Action or, alternatively, for those costs and expenses it has incurred in the Underlying Action beyond its pro-rata share. Zurich has filed cross-claims against Weaver Cooke and the other insurer-defendants alleging declaratory judgment and equitable subrogation/contribution claims similar to those Westfield alleges.

Weaver Cooke asserts a counterclaim and cross-claims against Westfield and Zurich, respectively, for a declaration that each owes Weaver Cooke a defense and indemnity to the claims in the Underlying Action. It also asserts cross-claims against Selective and Penn National. It alleges that it is an insured or additional insured under their respective policies and that those insurers engaged in prohibited claim settlement practices. Weaver Cooke seeks declaratory and monetary relief.

## II. DISCUSSION

> Whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Economy of time and effort for the court, counsel, and litigants is taken into consideration in this decision, "which must weigh competing interests and maintain an even balance." *Id.* at 254-55. A party seeking a stay must demonstrate a pressing need for one, *id.* at 255, and that the need for a stay outweighs any possible harm to the nonmovant. *Mike's Train House v. Broadway Ltd.*, Civ. No. JKB-09-2657, 2011 WL 836673, at *1 (D. Md. Mar. 3, 2011). *See also In re Sacramento Mun. Utility Dist.*, 395 Fed. Appx. 684, 687-88 (Fed. Cir. 2010) (unpublished). Three factors should be considered in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, Civ. No. JKB-12-3738, 2013 WL 682906 (D. Md. Feb. 22, 2013) (citations and internal quotation marks omitted).

Sam Yang (U.S.A.), Inc. v. ENI Dist, Inc., Civil No. JKB-16-2958, 2016 WL 7188447, at *3 (D. Md. Dec. 12, 2016); see also Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) ("The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.").

Movants initially request that the entirety of this insurance coverage dispute be stayed. For support, movants rely significantly on the fact that Senior U.S. District Judge James Fox granted a similar motion to stay in Selective Insurance Co. of America v. Dail, No. 4:14-CV-

3

103-F (E.D.N.C.). In that case, Weaver Cooke, Selective and DD Plumbing are the parties, and their dispute concerns whether the policies Selective issued to DD Plumbing provide coverage for the claims asserted against DD Plumbing in the Underlying Action. Judge Fox concluded, "Because one of the issues being litigated in the Underlying Action is whether worked performed by DD Plumbing caused damage to other property, it would be duplicative and contrary to the fair and efficient administration of justice to also litigate the issue in this case." Selective Ins. Co. of Am. v. Dail, No. 4:14-CV-103-F, DE # 33, at 5 (E.D.N.C. Sept. 11, 2015). Movants urge the court to stay this action for the same reason, i.e., factual issues necessary to determine coverage in this action overlap with factual issues to be determined in the Underlying Action.

Selective opposes a stay of the entire case. It contends that discovery and investigation should proceed to enable it to learn information concerning the claims against it as well as information related to other subcontractors and insurers who might also share responsibility for defense costs.

Westfield also opposes a stay. First, it argues that resolution of the issue of the insurers' duty to defend Weaver Cooke in the Underlying Action does not depend on the determination of any factual issues in the Underlying Action. Rather, the court need only compare the operative complaints in the Underlying Action with the language of the relevant insurance policy to determine whether the insurer has a duty to defend. According to Westfield, this information is readily obtainable without awaiting resolution of the Underlying Action. Second, while acknowledging resolution of an insurer's duty to indemnify "must normally await the findings of fact at the trial of the underlying action," (Mem., DE # 48, at 12), Westfield contends that the court can decide the issue now based on admissions Weaver Cooke has made in the Underlying

4

Action.

The remaining party, Zurich, likewise opposes a complete stay. Its argument focuses on the ability of the court to resolve the duty to defend issue, along with the issue of whether Weaver Cooke is an additional insured under certain policies, without relying on any factual determinations from the Underlying Action. Accordingly, it urges the court to deny a stay outright or, alternatively, limit the stay to determination of the insurers' indemnity obliations.

In response to the insurers' opposition, movants indicate that they are amenable to a more narrow stay than they originally requested. Specifically, they consent to exclusion from the stay of issues related to the duty to defend and the handling of Weaver Cooke's claim by Selective and Penn National. However, they vigorously argue for the necessity of a stay relative to indemnity issues.

In weighing the relevant factors, the court concludes that a stay--at least as to part of this action--is warranted. As all parties agree, the insurers' duty to defend does not depend on any facts to be litigated in the Underlying Action. See Harleysville Mut. Ins. Co. v. Hartford Cas. Ins. Co., 90 F. Supp. 3d 526, 539 (E.D.N.C. 2015) ("'In determining whether an insurer has a duty to defend, the facts as alleged in the [underlying] complaint are to be taken as true and compared to the language of the insurance policy.'" (alteration in original) (citation omitted)). Subsumed within the duty to defend issue is whether Weaver Cooke is covered under some of the policies as an additional insured, and thus that issue too can be resolved without reliance on facts in dispute in the Underlying Action. Similarly, Selective's and Penn National's handling of Weaver Cooke's claim, which is a subject of Weaver Cooke's cross-claims against those insurers, is not dependent on factual issues in the Underlying Action. Thus, unlike the apparent

5

circumstances in the <u>Selective</u> case, some portion of this action certainly can proceed without awaiting the resolution of any factual issues in the Underlying Action.

On the other hand, the resolution of the insurers' duty to indemnify depends on facts to be determined in the Underlying Action. Based on the limited information before the court, the court is hesitant to resolve the issue of Westfield's duty to indemnify at this time. It is in the interest of judicial economy to await resolution of the relevant factual issues in the bankruptcy court before making a determination of all the insurers' indemnity obligations. Allowing part of the action to proceed and staying the remainder strikes a fair balance between avoiding duplication of efforts (and possible contradictory findings) and alleviating some prejudice to the non-movants resulting from the delay of this litigation.

### III. CONCLUSION

For the foregoing reasons, the motion to stay is GRANTED IN PART and DENIED IN PART. This action shall proceed as to the issues of the insurers' duty to defend Weaver Cooke (including coverage as an additional insured) and Selective's and Penn National's handling of Weaver Cooke's claim. The issue of the insurers' duty to indemnify and the trial are STAYED pending resolution of the factual issues in the Underlying Action and further order of this court. As contemplated by the initial scheduling order entered 11 May 2016, this matter is REFERRED to U.S. Magistrate Judge James E. Gates for entry of an order setting a schedule for discovery

and other relevant events.

    This 1 March 2017.

                                                      W. Earl Britt
                                                      Senior U.S. District Judge